IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY KENNY LEE, AIS # 184070,  :

    Plaintiff,   :

vs.   :   CIVIL ACTION 08-0257-CG-M

I. McKINNISON, *et al.,*   :

    Defendants.   :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.[1] After review of Plaintiff's action, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

---

[1] Plaintiff's Motion to Proceed Without Prepayment of Fees was previously granted. (Doc. 4). However, in light of the findings herein, the October 2, 2008, Order is hereby **WITHDRAWN**, and Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is **DENIED.**

>  frivolous, malicious, or fails to state a
>  claim upon which relief may be granted,
>  unless the prisoner is under imminent danger
>  of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff had more than three actions that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted.  *See Lee v. Aycock,* CA 97-1806-UWC-TMP (N.D. Ala. Apr. 10, 1998); *Lee v. Haley, et al.,* CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); *Lee v. Haley, et al.,* CA 02-1343-WHA-VPM (M.D. Ala. Jan. 29, 2003); *Lee v. Holt, et al.,* CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); *Lee v. Smith, et al.,* CA 03-1237-SLB-TMP (N.D. Ala. Apr. 20, 2006); and *Lee v. Campbell, et al.,* CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006).  In addition to these dismissals, Plaintiff filed at least ten actions that were dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated the action.[2]

---

[2]The following actions filed by plaintiff were dismissed pursuant to § 1915(g): *Lee v. Campbell,* CA 04-0773-S-NE (N.D. Ala. Apr. 30, 2004); *Lee v. Boyeet, et al.,* CA 04-2256-TMP (N.D. Ala. Aug. 4, 2004); *Lee v. Mrs. Arnold, et al.,* CA 05-0108-VPM-MEF (M.D. Ala. Mar. 14, 2005); *Lee v. Hill, et al.,* CA 05-1042-ID-DRB (M.D. Ala. Dec. 1, 2005); *Lee v. Thomas,* CA 06-0451-WKM-VRM (M.D. Ala. June 15, 2006); *Lee v. Hope, et al.,* CA 06-0443-MEF-VPM (M.D. Ala. June 16, 2006); *Lee v. Hope, et al.,* CA 07-0795-WKW-WC (M.D. Ala. Sept. 26, 2007); *Lee v. Ferrell, et al.,* CA 07-0773- MHT-WC (M.D. Ala. Oct. 23, 2007); *Lee v. Hope, et*

Therefore, in order for Plaintiff to avoid 28 U.S.C. § 1915(g)'s application, it is incumbent on him to show that at the time of his action's filing he was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). The actual filing of the original Complaint occurred between August 3, 2008, which is the date that Plaintiff signed the Complaint, and August 15, 2008, which is the postmark's date on the Complaint's envelope. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (applying *Houston v. Lack* to a prisoner's filing of a § 1983 action). However, the incident about which Plaintiff complains occurred on December 25, 2007. (Doc. 1 at 3-4).

Plaintiff's claim in this action is concerned with an assault that was perpetrated on him by other inmates on December 25, 2007, which required Plaintiff to be hospitalized for his injuries. The guard who was allegedly asleep when the assault occurred is being sued as are other officials. Nevertheless,

---

*al.,* CA 07-0996-WHA-WC (M.D. Ala. Dec. 4, 2007); *Lee v. Marcus, et al.,* 08-0568-WHA-WC (M.D. Ala. Aug. 20, 2008).

Plaintiff waited until the early part of August, 2008, to file this action. Thus, there is no indication that Plaintiff was under imminent danger of serious physical injury when he filed the present Complaint.[3]

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

>           MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
>              AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
>                <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the

---

[3]This incident was mentioned in one of Plaintiff's other pending actions on this Court's docket, namely, *Lee v. Folk, et al.,* CA 08-0307-CG-M, which is being recommended for dismissal pursuant to § 1915(g).

district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 27th day of February, 2009.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE